CLEMENS, P. J. and STEWART, J., concur.

Dorothy STEWART, Appellant,

v.

BOARD OF EDUCATION OF RITEN-OUR CONSOLIDATED SCHOOL DISTRICT et al.,Respondents.

No. 36801.

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 29, 1976.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Donald L. James, St. Louis, for appellant.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, Edward K. Fehlig, Clayton, for respondents.

SMITH, Chief Judge.

Plaintiff appeals from a judgment affirming the action of the Board of Education of Ritenour Consolidated School District R–3 terminating her employment as a school teacher. Miss Stewart was employed by the District for 15 years and was, therefore, a permanent teacher under the teacher tenure law, Sec. 168.104(4) RSMo 1969.

The decision of the Board is contained *in toto* in a letter to Miss Stewart which reads:

"At a special meeting held by the Ritenour Board of Education on June 5, 1974 the members of the Board of Education,

by unanimous vote, has concluded that your absences from your employment by the District have been excessive over the period of your employment and that, as authorized by the Teacher Tenure Act, your employment with the District will be terminated at the end of the 1973–74 school year."[1]

No other findings, conclusions, or opinions were made a part of the record. Sec. 168.120(2) RSMo 1969 provides that on appeal the findings and decision of the Board shall become the record of the cause. The appeal is governed by Chapter 536, RSMo 1969. Sec. 536.090, RSMo 1969, requires that findings of fact and conclusions of law be filed with the decision of the agency.

In *Century State Bank v. State Banking Board of Mo.,* 523 S.W.2d 856 (Mo.App.1975) it was held that a Court cannot be expected to determine whether an agency decision is supported by competent and substantial evidence when it has only a bare ultimate conclusion before it. In such posture it is necessary to remand the case to the Board for further hearings if required, and in any case for preparation of findings of fact and conclusions of law.

Defendants contend that the finding of "excessive" absences is all that it need state to comply with the statute. We disagree. The evidence at the hearing here reflected that plaintiff had missed minimal time prior to 1969, 25 days in 1969–70, 16 days in 70–71, 29 days in 71–72, 15 days in 72–73, and 129 days in 73–74. Plaintiff's evidence including a doctor's testimony, entirely uncontradicted, was that the absences were the result of illness. The administration did not dispute that the absences were the product of disabling illness, never requested that Miss Stewart be examined by a doctor other than her own, and approved all absences as covered by sick leave. The school board written policy was to allow up to 180 days of accumulated sick leave within any one school year. There is no school board written or oral policy on what constitutes excessive absence and Miss Stewart was never advised that her absences were considered by the administration to be excessive or unreasonable.

In seeking to uphold the action of the Board, respondents here argue that the absences exceed plaintiff's accrued sick leave by ½ day and are therefore excessive and/or that the absences were not entirely related to disabling illness. But on the "conclusion" of the Board of "excessive" absences we have no way of knowing what the basis of the Board decision was. We held in *Merideth v. Board of Education of Rockwood R–6 School District,* 513 S.W.2d 740 (Mo.App.1974) that legitimate medical absences within the school board's sick leave policy could not *per se* be regarded as excessive and unreasonable. Miss Stewart's absences were within the 180 day per year policy of the board.[2] If the Board's position is that what is "excessive" depends upon how much sick leave has actually accrued, which in turn depends upon the length of time of service with the District, it presents an interesting, if anomalous, question. Is a relatively new teacher who sustains a serious medical problem "excessively" absent while a longer term teacher with a minor medical problem is not? Is 129 days absence by Miss Stewart excessive and 128½ is not?

If the Board's decision is based upon a finding that the absences were not in fact medically justified, the record simply does not contain evidence to support it. If the decision is not based upon one of these grounds, is there some other basis for it? The "findings and conclusions" of the Board simply do not provide a basis for review.

The judgment is reversed and the cause is remanded to the Circuit Court with directions to reverse the order of the Board of

---

1. Excessive absence was the only ground charged in the notification to Miss Stewart of grounds for termination. That notification was limited to absences in 5 school years, not the entire period of employment.

2. This is not to say that a Board may not establish a policy defining excessive absences as they apply to recurrent or long term disabling illnesses. The Board here has apparently not done so.

Education and to remand the cause to the Board of Education with directions to make findings of fact and conclusions of law, and to reopen the hearings in this matter, if the Board deems it appropriate, and enter its final order.

NORWIN D. HOUSER and ALDEN A. STOCKARD, Special Judges, concur.

