**Rosita RAFAEL, Appellant,**

v.

**MERAMEC VALLEY R–III BOARD OF EDUCATION and Melvin McGallagher, David Smith, Fred Brown, Allen Pritch-ett, Jr., Jean Neri, and Dave Hoven, members, Respondents.**

**No. 38753.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 20, 1978.

---

Melvin D. Benitz, St. Charles, for appellant.

Robert H. Dierker, Jr., Richard E. Jaudes, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for respondents.

ALDEN A. STOCKARD, Special Judge.

The Board of Education of the Meramec Valley R–III School District, after a hearing, terminated the indefinite contract of employment of tenured teacher Rosita Rafael. The dismissal was based on findings if incompetency, inefficiency and insubordination. The Circuit Court of Franklin County affirmed the action of the Board, and an appeal was taken to this court. We affirm.

Appellant's first point is that the trial court erred in affirming the action of the Board because (1) the procedure prescribed by § 168.116 RSMo 1969 was not followed in that (a) the warning letter required by § 168.116(2) did not state "specifically the causes which, if not removed, may result in charges," and (b) the notice of charges appellant received did not specify "with particularity" the grounds alleged to exist for termination of her employment, and (2) the notice of charges contained matters not specified in the warning letter.

Appellant was first employed by the School District in 1965. She taught second and third grade classes at various elementary schools until 1975 when she was assigned to the Sixth Grade Center at Pacific, Missouri. The transfer was by mutual agreement; in fact it was made at the request of appellant who was having difficulty in working harmoniously with her immediate supervisor.

At the Sixth Grade Center appellant was assigned to teach five classes; four of mathematics and one of English and spelling. Shortly after the beginning of the school term difficulties in appellant's performance as to discipline and as to testing and grading came to the attention of school officials, and this resulted in steps being taken by school authorities which ultimately brought about the termination of her employment contract.

In order to consider part (1) of appellant's first point, we must examine the applicable statutory requirements.

Section 168.116(2) provides that at least 30 days before service of notice of incompetency, inefficiency, or insubordination in line of duty, the school board or the superintendent of schools shall give the teacher warning in writing "stating specifically the causes which, if not removed, may result in charges." It is further provided that thereafter the superintendent, or his representative, and the teacher shall meet and confer in an effort to resolve the matter. In *Blue Springs Reorganized School District IV v. Landuyt*, 499 S.W.2d 33, 36 (Mo.App.1973), it was stated that the purpose of this 30 day provision "is to give the teacher an opportunity to know exactly what the complaints against her are and to afford her a chance to cure the situation."

On December 22, 1975 the superintendent sent appellant a letter which without the formal caption and closing was as follows:

In spite of efforts on the part of numerous district personnel, deficiencies in the performance of your duties remains. In the past several months, meetings have been held between you and your Principal, between you and the Assistant Superintendent, among staff members at your school, and with members of the Professional Rights and Responsibilities Committee. During these conferences, numerous suggestions have been made for performance improvement, but to this point, improvement has not occurred. This letter, therefore, is a warning that, unless satisfactory improvement is made by April 1, 1976 in the deficient areas, your employment may be discontinued. Areas of deficiency include:

1. Incompetence

a. student evaluation—grading procedures show little, if any correlation between student work and grade received.

b. grading—gross error in grading of student work.

c. testing—inability to provide an atmosphere in which student achievement can be measured.

d. classroom control—inability to control classroom behavior to provide an environment for learning.

2. Insubordination

a. grade cards that were requested were destroyed and a substitute card falsified.

b. falsification and changes in grade book to deceive superiors.

c. providing inaccurate information to parents and superiors with the intent to mis-lead and deceive.

Although the deficiencies noted above are of the gravest nature, it is our hope that the deficiencies may be removed.

To that extent, we are willing to make available the continued services of district teachers and administrators for your assistance. Please contact Mr. Mickes to arrange a conference, at your convenience, to discuss methods for improvement. If I may be of assistance in this matter, please contact me.

■ We note that in the point appellant asserts that the warning letter did not state specifically the "causes," but nowhere in the point nor in the argument under the point does she assert in what respects the statement was deficient, except to argue that "all the causes * * * are susceptible to such a wide variety of interpretation as to violate the general prohibition against proceedings to terminate a teacher upon non-informative allegations." We do not agree with this assertion. We consider the statement of causes to be reasonably specific and in compliance with the requirements of § 168.116(2).

Appellant cites and relies on cases such as *Blue Springs Reorganized School District IV v. Landuyt,* supra, and *Merideth v. Board of Education of Rockwood R–6 School District,* 513 S.W.2d 740 (Mo.App. 1974). Neither case supports appellant's contention. In the *Blue Springs* case the deficiency was not with the warning letter but that the statement of charges incorporated new and unrelated charges. In the *Merideth* case the warning letter was found to be sufficient. There is nothing in either case to support the contention that the statement of causes in the warning letter in this case was not sufficient.

Following receipt of the warning letter conferences between appellant and representatives of the superintendent did occur, and appellant makes no contention that at these required conferences she was not adequately informed of the details concerning her deficiencies.

■ We turn now to part (1)(b) of appellant's first point. The statement of charges are quite lengthy, and we do not consider it necessary to set them out here. They demonstrate the dilemma in which a school board is placed. If the board sets forth the charges, as was done in this case, at length and in detail including a recital of incidents to support the charges, it is contended that new and different charges have been made. If it states them in a cryptic way, it is contended they are not set forth with particularity. It is clear that it was not the intention of the Legislature that the charges should be worded precisely as the causes in the warning letter. In that event the statute would have provided that the hearing, if held, would be on the causes related in the warning letter. If the statement of charges are subject to any criticism it is because they are in too much detail. As we have noted, they recited numerous incidents which constituted evidence of the charges.

In part (2) of appellant's first point she asserts that the statement of charges "contained matters not specified in the warning letter," and she contends that for that reason she had no way of knowing the causes which, if not removed, could result in charges, and therefore she had no opportunity to correct the alleged deficiencies.

We do not in any way disagree with the ruling in *Blue Springs Reorganized School District IV v. Landuyt,* supra, where it was held it was not permissible for the charges of which the teacher is found guilty to be "new and different" from the causes set forth in the warning letter. But it was there recognized that charges may be "so closely akin as to constitute a continuation of the alleged original offense."

■ The manner of presentation of the charges in this case was to first state the substance of the charges; for example, "that student achievement shows little, if any, relationship to grades given to the students." We consider this to be a reasonably clear statement that appellant was being charged with awarding grades to students that did not correctly reflect the student's achievement. As to this charge there then followed six specifically stated instances, and under one of these there are 18 examples. These instances and examples constituted statements of the *evidence*

by which the Board intended to prove the charges. One of the problems is that appellant apparently considers each statement of an incident which the Board alleged as proof of the charge to constitute as separate and distinct charge. This is evidenced by the fact that in argument appellant asserts the charges "reveal many new matters" in "cancerous proportions," and that none is so closely akin as to constitute a continuation of the alleged original offenses. But, nowhere in the argument under this point, much less in the point, has appellant pointed out what charges are contended to be new matter or which are not closely akin to the causes set forth in the warning letter. She also asserts that "nowhere in the warning letter * * * does the word 'inefficiency' appear, but it appears numerous times in the statement of charges." Inefficiency and incompetence are closely related, and an incident or occurrence could constitute proof of both. In the absence of demonstrated prejudice we do not consider it of particular importance that in the warning letter certain acts were listed as demonstrating "incompetency," and that in the charges certain acts were listed as demonstrating "inefficiency and incompetence."

We conclude that the charges were set forth with particularity, and that the matters which appellant contends to constitute new and different charges, insofar as we can identify the allegations referred to, were statements of incidents which, if proved, would establish the charge.

There is another equally impelling reason why this point is of no merit. At the commencement of the hearing before the Board appellant moved that "all charges be dismissed * * * for the School District's failure" to comply with § 168.116 RSMo 1969 because the "charges must be the same as those set forth in the written warning, and new charges may not be brought up without first giving a written warning as to those charges, and at least 30 days to make up the deficiencies alleged therein." Appellant then pointed to several allegations, most of which were statements of incidents constituting evidence of a charge. The Board ruled that it would take "the motion [to dismiss *all* the charges] under advisement." In its findings the Board found there was insufficient evidence to prove the occurrence of eight of the incidents, and that a ninth was "unclear and repetitive." At no time did appellant request the dismissal of any particular charge because it was new or different from the causes in the warning letter. She expressly limited her motion to the dismissal of *all* charges. Also, appellant made no objection to any evidence on the basis that it pertained to a new and different charge. Instead she limited her objections to the ground of hearsay. By thus proceeding, appellant waived any objection that any particular allegation in the statement of charges of which she was found guilty was outside the allegations in the warning letter.

Appellant's second point is that the court erred in affirming the Board's action to terminate appellant's employment because (a) the "evidence did not support the charges after the December 22, 1975 warning letter," (b) the warning letter designated April 1, 1976, as the date for improvement but she was suspended on March 15 (or 16), 1976; (c) the Board erred in admitting hearsay evidence over objection; and (d) the Board's findings of fact and conclusions of law are "insufficient in form and substance and wholly unsupported by any competent and substantial evidence upon the whole record."

In reviewing this administrative decision on evidentiary grounds, this court is to consider all competent evidence before the Board, but our inquiry is limited. We may only determine whether the Board reasonably could have made its findings and reached the decision it did, *Merideth v. Board of Education of Rockwood R–6 School District,* supra. We may not substitute our judgment on the evidence, and we may not set aside the Board's decision unless it is not supported by competent and substantial evidence on the whole record, or it is contrary to the overwhelming weight

of the evidence. Also we are to consider the evidence in a light most favorable to the Board's decision, together with all reasonable inferences which support it. *Moore v. Board of Education of the Special School District of St. Louis County*, 547 S.W.2d 188 (Mo.App.1977).

We find no merit to the contention that "the evidence did not support the charges after the * * * warning letter." In the point appellant does not set forth the charges of which she contends the proof is deficient, but in argument she asserts that "there was no showing of a continuation of the charges in the warning letter as to insubordination * * *." We shall consider that contention.

■ One of the causes in the warning letter was that appellant was guilty of insubordination in that grade cards requested by her superiors were destroyed and a substitute card was falsified. One of the charges was that appellant was guilty of insubordination. We gather the impression from appellant's argument that it is her position that in order to sustain a finding of continued insubordination there must be evidence that she continued to falsify student grade cards. We do not agree. There was adequate proof of continued insubordination. Based upon competent and substantial evidence the Board found that after the date of the warning letter appellant continued, contrary to instructions, to have grading done by students or teacher aides; that she failed or refused to notify a superior as to the time of major testing for evaluation purposes; and that she failed or refused to contact designated staff members to discuss discipline problems. It is true that in the charges these acts were classified as demonstrating "Inefficiency" or "Inefficiency and Incompetency," but the Board was not, and this court is not, bound by a label. The important factors are that there was competent and substantial evidence of these acts by appellant, and that the Board found that they constituted insubordination, which it expressly did.

■ Appellant also argues that "much of the evidence [against her] was given by five school officials and teachers, most of which was refuted" by her. She then asserts that since the Board made no findings or determination of the credibility of the witnesses, "all admissible testimony must be considered by the reviewing court." This argument implies that this court should make its own findings of fact, but as previously noted, this is not our function. When the Board made its findings of fact based on conflicting testimony, those findings carried with them a finding of credibility. In making our review we shall consider all competent testimony, but it will be for the purpose of determining whether, based on the whole record, the Board could reasonably have made its findings and reached the decision it did.

In the warning letter appellant was notified that "unless satisfactory improvement is made by April 1, 1976 in the deficient areas, your employment may be discontinued." Section 168.116(2) requires that there be a period of "at least thirty days" after the warning letter and before the service charges. Appellant was suspended, with pay, on March 15 (or 16), 1976, approximately 83 days after service of the warning letter. Appellant contends that the Board's decision to terminate appellant's employment cannot be sustained because she was not permitted to remain teaching until April 1.

■ The purpose of the minimum period of thirty days is to guarantee to a teacher accused of incompetency, inefficiency, or insubordination at least that much time to correct the deficiencies. In its discretion, a school board may allow a greater period of time, but it cannot reduce that period.

The assistant superintendent of schools testified that appellant was not allowed to teach until April 1 because "it was my opinion that the continuation of [appellant] in charge of her classroom represented not only a deficient learning situation, but it also represented a physical danger to the students from each other. It has already been testified to that there were a number of fist fights between individual students, a

student had his eye poked with a pencil by another student, and generally it was felt that the students were not being controlled and were a danger to each other in the present situation. That's why an action was taken prior to the April 1st date." He also testified that in his opinion an adequate time had been provided for appellant to demonstrate improvement, and "if there was going to be improvement it would have been made prior to [March 16] and not in the approximately two weeks [remaining]." The Board found as a fact that "The quality of the learning environment in [appellant's] classes decreased and deteriorated during the period after December 22, 1975 to her suspension on or about March 16, 1976," and in her brief appellant admits there was testimony to that effect.

█ In *Saunders v. Reorganized School District No. 2 of Osage County,* 520 S.W.2d 29, 35 (Mo.1957), it is stated that "School authorities are vested with wide discretion in all matters affecting school management, and a court may not ordinarily interfere unless the power is exercised in an arbitrary, unreasonable and unlawful manner." The evidence discloses that subsequent to December 22, 1975, there occurred classroom fights and disturbances, and that other teachers and supervisory personnel were required to enter the room on several occasions to restore order. These occurrences and the deteriorating learning environment clearly demonstrate a reasonable justification for the action taken. The suspension was with pay, it did not reduce the period for improvement below that required by law, appellant has demonstrated no prejudice, and the action of the Board was a reasonable exercise of discretion.

Appellant next asserts that the Board erred in admitting hearsay evidence over her objection "as to what children and parents had told members of the [school] administration when they [the children and parents] were not under oath or subject to cross-examination." In her brief she states that this evidence was admitted "in regard to [her] alleged mistreatment of certain students," and that the Board made "no findings" in regard to these "charges." This later contention is not correct. As to each of the incidents referred to under this point the Board found "There [was] insufficient competent and/or substantial evidence" to prove any of the "charges" referred to. As a result they were all dismissed. We note here that the Board improperly referred to the alleged incidents as "charges." They were in fact specifications of incidents in support of the charges.

█ Appellant makes no claim that any charge of which she was found guilty was based on only hearsay evidence. However, she makes the unique argument that to permit the admission of the hearsay testimony was "highly prejudicial" because it "inevitably planted fertile seeds of doubt in the minds of the Board members as to her teaching capabilities." This contention is based purely on supposition and conjecture. She cites *State ex rel. Bond v. Simmons,* 299 S.W.2d 540 (Mo.App.1957), and *State ex rel. Horn v. Randall,* 275 S.W.2d 758 (Mo. App.1955). These two cases hold that a *decision* of an administrative agency must be based on competent and substantial evidence, and that hearsay evidence does not meet that criteria. Neither case supports her contention that under the circumstances this decision, which was not based on hearsay, is invalid. We find this point to be without merit.

█ Appellant's final contention is that the Board's findings of fact and conclusions of law are "insufficient in form and substance and are wholly unsupported by any competent and substantial evidence upon the whole record." The allegation of insufficiency of the evidence is not developed. It stands as an unsupported conclusion. From our review of the entire record we find ample support for the decision of the School Board, but we need not further develop this matter.

█ In the argument portion of her brief appellant sets forth eight alleged deficiencies. We consider this contention to border on the frivolous. For example, the first three items are that the Board made

no finding that "the requirement[s] prescribed by §§ 168.114–168.118 were fully complied with at the hearing before the Board;" or that "the hearing was conducted according to law:" or that "proper notice in warning was given as required by statute." These are questions of law, not fact. We also note that in the fourth item it is asserted that there was no finding that "appellant did not improve in any of the areas in which she was alleged to be deficient." The Board expressly found that "The quality of the learning environment in [appellant's] classes decreased and deteriorated during the period after December 22, 1975 to her suspension." We decline to unduly lengthen this opinion by commenting on each of the remaining equally unmeritorious items.

■ Section 536.090 RSMo 1969, states that "The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order." In this case there were twenty-four findings of fact. They are amply sufficient to have enabled the circuit court on review and to enable this court on appeal, "to ascertain the basis of the decision and how the controlling issues were decided," *Jacobs v. Bob Eldridge Construction Co.,* 393 S.W.2d 33 (Mo.App.1965), and "to show whether the basis of [the agency's] decision was an issue of fact or a question of law." *Michler v. Krey Packing Co.,* 363 Mo. 707, 253 S.W.2d 136 (banc 1952).

The decision of the Board is supported by competent and substantial evidence, and we find no merit to appellant's contentions of error based on procedural grounds.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.