Dorothy STEWART,
Plaintiff-Respondent,

v.

BOARD OF EDUCATION OF RITEN-
OUR CONSOLIDATED SCHOOL DIS-
TRICT R–3 et al., Defendants-Appel-
lants.

No. 39426.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 21, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 15, 1978.

Application to Transfer Denied
Jan. 8, 1979.

number

472

Edward K. Fehlig, George J. Bude, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, for defendants-appellants.

Donald L. James, Russell F. Watters, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

The Board of Education of Ritenour Consolidated School District appeals from a decision by the Circuit Court of St. Louis County reversing the board's termination of the indefinite contract of respondent Dorothy Stewart, a permanent teacher with the district. The board terminated respondent's contract because of respondent's claimed excessive absences. The circuit court ordered reinstatement of respondent at the rate of pay to which she would be entitled, had she not been discharged, together with all back pay from the date of her dismissal, plus 6% interest thereon. Although we are in basic accord with the disposition of this case by the trial court, we remand for further proceedings as hereinafter set out.

This is the second time this matter has been before this court. The first appeal, prosecuted by the teacher from the affirmance by the circuit court of her dismissal, resulted in reversal and remand with instructions that the board make findings of fact and conclusions of law and reopen hearings if the board deemed it appropriate. In that case, this court said, "The 'findings and conclusions' of the Board simply do not provide a basis for review." *Stewart v. Board of Education of Ritenour Consolidated School District*, 538 S.W.2d 765, 766 (Mo. App.1976). Upon remand, the board conducted no further hearing and made findings of fact and conclusions of law based solely upon the evidence received at the first hearing.

In this current appeal, the board, essentially following its findings and conclusions, contends that its decision is supported by competent and substantial evidence and is not contrary to the overwhelming weight of the evidence because: (1) respondent's absences of 124 days prior to March 20 during the 1973–1974 school year were greatly in excess of the number of sick leave days she had accumulated; (2) respondent's absences in the 1973–1974 school year caused detriment to the school district and respondent's students by necessitating the use of a series of substitute teachers; (3) respondent's absences were greatly in excess of average teacher absences; and (4) respondent's absences were not medically justified.

At the outset, we acknowledge that judicial scrutiny of evidentiary support for an administrative tribunal's decision is limited. The court may not substitute its judgment upon the evidence and may only decide, viewing the evidence in its entirety and in the light most favorable to the administrative decision: first, whether the administrative findings are supported by competent and substantial evidence; and, second, whether the administrative findings are clearly contrary to the overwhelming weight of evidence. *Board of Education, Mt. Vernon Schools, Mt. Vernon, Missouri v. Shank*, 542 S.W.2d 779, 781–782 (Mo. banc 1976); *Rafael v. Meramec Valley R–III Board of Education*, 569 S.W.2d 309 (Mo. App.1978); *Eddington v. St. Francois County R–III Board of Education*, 564 S.W.2d

283, 284–285 (Mo.App.1978); *Merideth v. Board of Education of Rockwood R-6 School District,* 513 S.W.2d 740, 745 (Mo. App.1974). Whatever deference courts must give to the fact-finding functions of an administrative agency, courts are not bound by the agency's resolution of questions of law or application of the law to the facts. Judicial review may extend to such matters as whether the agency's action exceeds its statutory authority, is unauthorized by law, or involves an abuse of discretion. Section 536.140, RSMo 1969; Rule 100.07; *St. Louis County v. State Tax Commission,* 562 S.W.2d 334, 337–338 (Mo. banc 1978); *Chapman v. Sanders,* 528 S.W.2d 462, 464 (Mo.App.1975); *Stephen & Stephen Properties, Inc. v. State Tax Commission,* 499 S.W.2d 798, 802[1] (Mo.1973).

██ The statutory authority under which the board proceeded in this case is the Teacher Tenure Act, §§ 168.102 to 168.130, enacted by the General Assembly in 1969 to become effective July 1, 1970. A purpose of the Act is to obtain stability and permanence of employment of teachers after successful completion of a probationary period. *Lopez v. Vance,* 509 S.W.2d 197, 202[2] (Mo. App.1974). Under its provisions, once tenure is achieved, a teacher may be dismissed only for cause after a hearing. Section 168.114. As pertinent to this case, the last cited section provides: "An indefinite contract with a permanent teacher shall not be terminated by the board of education of a school district except for one or more of the following causes: . . . (5) Excessive or unreasonable absence from performance of

duties; . . ." In its findings of fact and conclusions of law prepared after the first appeal, the board concluded that Miss Stewart's absences were excessive. We hold that under the law, including the board's own policy relating to sick leave,[1] the board could not, on the basis of the record facts, have reasonably concluded that Miss Stewart's absences were either excessive or unreasonable.

██ The term "excessive" as used in § 168.114 is not defined by statute or by board rule, although the board could have defined it as it relates to sick leave under the provisions of § 168.122.[2] As noted in *Stewart v. Board of Education of Ritenour Consolidated School District,* 538 S.W.2d 765, 766 (Mo.App.1976), "There is no school board written or oral policy on what constitutes excessive absence . . ." Examination of the written policy relating to sick leave shows that it governs only the number of days for which a teacher will be paid while absent for personal illness and provides that up to 180 such days may be accumulated over the years. After the fourth year of employment, a teacher receives thirty days of sick leave. The policy also provides, "Pay is deducted from salary after the accumulated leave is used. Deduction will be at the regular rate of salary." Thus, the very policy which the appellant board argues sets the standard of excessiveness actually contemplates situations in which all accumulated sick leave time is exhausted, yet tenure is not lost. Even if, as the board argues, Miss Stewart exceeded her accumulated sick leave time by 28.5[3]

1. Section 536.140–3 provides in part, "The law applied by the agency as aforesaid may include the agency's own rules."

2. Section 168.122 provides in part, "A board of education may establish policies for granting leave of absence including sabbatical leave, maternity leave, sick leave, and military leave."

3. If the thirty days of sick leave to which she was entitled in the 1973–1974 school year had been credited to her at the commencement of the year, she would have had 1.5 unused days upon her return to duty on March 20, 1974. Instead, the board credited her with the thirty days as of the day she returned. She used five of these days between March 20, 1974 and the

end of the school year and was paid for them. At about the time Miss Stewart filed her second petition for review, which gave rise to this appeal, she filed a separate action for declaratory judgment to the effect that she should have been credited with the 1973–1974 thirty-day sick leave time as of the beginning of that school year, rather than as of the day she actually commenced work, March 20, 1974. In that action Miss Stewart also sought judgment in a second count for $2,038.00, representing the twenty-five days of 1973–74 sick leave for which she was not paid. The case was tried on a stipulation of fact, and the court ruled for the board and against Miss Stewart on both counts. She did not appeal. Over Miss Stew-

days during the 1973–1974 school year, such a period of absence does not establish that her absence was "excessive" as that term is used in § 168.114. This is true in spite of the fact that substitute teachers had to be hired to take her place, a condition which was certainly foreseeable when the board adopted its liberal, open-ended policy. With respect to the fact that Miss Stewart's absences had for five years exceeded the average number of absences of other teachers in the district, we need only echo the words of Judge Dowd in *Merideth v. Board of Education of Rockwood R–6 School District*, 513 S.W.2d 740, 749 (Mo.App.1974), "While we find that respondent's absences were far in excess of absences for other teachers, we cannot sustain the Board on this finding because of the Board's unlimited or 180-day absenteeism policy." The board, under the law and its own policy, cannot here be sustained in its conclusion that Miss Stewart's absences were excessive on the strength of their duration alone.

■ We must also reject the board's contention that Miss Stewart's absences were not medically justified, which would cause them to be "unreasonable". Upon the first appeal, *Stewart*, supra, 766, this court noted that Miss Stewart's evidence, including the "entirely uncontradicted" testimony of a physician, was that the absences resulted from illness. The court then went on to rule: "If the Board's decision is based upon a finding that the absences were not in fact medically justified, the record simply does not contain evidence to support it." Inasmuch as the board did not reopen the hearing or in any way attempt to augment the record, there is no more evidence upon this appeal to support the board's now articulated finding of fact than there was on the first appeal. The holding that the evidence is insufficient upon which to base a finding

that the absences were not medically justified has, therefore, become the law of the case. *Huter v. Birk*, 510 S.W.2d 177, 181 (Mo.1974); *Marco Finance Co. v. Solbert Industries, Inc.*, 534 S.W.2d 469, 471–472 (Mo.App.1975); *Midwestern Machinery Co. v. Parsons*, 415 S.W.2d 545, 546–547 (Mo. App.1967).

As noted at the outset, the trial court ordered reinstatement and back pay from the date of dismissal. The exact wording of that portion of the order is as follows:

"NOW THEREFORE, this Court reverses the decision of the Board of Education of Ritenour Consolidated School District if such purports to be a new finding supporting the discharge, and orders said district to immediately reinstate the Petitioner to her same duties, at the rate of pay to which she would have been entitled had she not been wrongfully discharged, and further restore to her all back pay from the date of her unlawful dismissal, together with 6% interest thereon."

■ The portion of the order relating to all back pay was undoubtedly occasioned by the language of §§ 168.116–4 and 168.120–4. Section 168.116–4 reads in part, "If a decision to terminate a teacher's employment by the board of education is appealed, and the decision is reversed, the teacher shall be paid his salary lost during the pending of the appeal." And, § 168.120–4 provides, "If the circuit court finds for the teacher, he shall be restored to permanent teacher status and shall receive compensation for the period during which he may have been suspended from work, and such other relief as may be granted by the court." However, the "back pay" provisions of the Teacher Tenure Act are subject to the doctrine of mitigation, *Pollard v. Board of Education*

art's objection, the circuit court file in the declaratory judgment action was made a part of record in the circuit court's administrative review proceeding from which this appeal arises. The board now argues that the judgment in the declaratory judgment case, which is long since final, amounts to a binding determination that, as of the date she returned to work, Miss Stewart had exceeded her accumulated sick leave

time by 28.5 days and that the board properly regarded this as excessive by any standard. We have not assessed the effect of the declaratory judgment on this case and need not do so. As has been demonstrated, the board has by its own policy declared that, at least for periods of up to 180 days, absences for reasons of personal illness cannot be deemed excessive.

*Reorganized School District No. III*, 533 S.W.2d 667, 671[7] (Mo.App.1976), *Dameron v. Board of Education of Lebanon School District R–III*, 549 S.W.2d 671, 677 (Mo. App.1977), as that doctrine was explicated in *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 147–148 (Mo. banc 1975). Accordingly, while we affirm the order of reinstatement, we remand for a "determination of the amount by which [the] back-pay award is to be mitigated under the rule of avoidable consequences to have credited against such amount the counsel fee plus expenses which the employee has paid or obligated himself to pay in vindicating his right to reinstatement of his position, provided that the amount of such credit is limited to what is determined to be a reasonable fee and reasonably necessary expenses." *Wolf*, supra, 147–148.

Affirmed in part; modified in part and remanded for further proceedings not inconsistent with the foregoing.

STEWART, P. J., and REINHARD, J., concur.