CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

ST. LOUIS COUNTY POLICE OFFICERS UNION LOCAL 844 a/k/a St. Louis County Police Officers Association, Appellant,

v.

Robert GREGORY, John Mohart, Gilbert Beckel, Public Safety Commission, City of Des Peres and Michael C. Horn, Robert Missey, Harry Scott, State Board of Mediation, Respondents.

No. 43478.

Missouri Court of Appeals, Eastern District, Division Three.

July 7, 1981.

Lawrence J. Fleming, St. Louis, for appellant.

William R. Bay, Thompson & Mitchell, Donald J. Stohr, St. Louis, for respondents.

CRIST, Presiding Judge.

Proceeding under §§ 105.500 through 105.530, RSMo. 1978, by appellant labor union (hereinafter "union") for unit determination and for majority representative status relating to the "Public Safety Officers" of the City of Des Peres, Missouri. The State Board of Mediation (hereinafter "board") denied union's petition because Public Safety Officers of Des Peres are police officers and expressly excluded from the jurisdiction of the board by virtue of § 105.510, RSMo. 1978. The circuit court affirmed the decision of the board, and we affirm the decision of the circuit court.

The scope of judicial review is mandated by § 536.140, RSMo. 1978. We are to determine whether the decision of the board is supported by competent and substantial evidence upon the whole record. *Edmonds v. McNeal*, 596 S.W.2d 403, 407 (Mo. banc 1980). We are not permitted to substitute our judgment upon the evidence, and we must view the evidence in a light most favorable to the administrative decision. *Stewart v. Board of Ed. of Ritenour, etc.*, 574 S.W.2d 471, 472 (Mo.App.1978). There is a strong presumption of validity in favor of administrative decisions and a reluctance by courts to interfere with such discretion. *Conder v. Boards of Directors of Windsor Sch.*, 567 S.W.2d 377, 379 (Mo. App.1978).

Section 105.510 provides in part:

Employees, except police, deputy sheriffs, Missouri state highway patrolmen, Missouri national guard, . . ., of any public body shall have the right to form and join labor organizations and to present proposals to any public body relative to salaries and other conditions of employment through the representative of their own choosing.

Union contends that the Public Safety Officers employed by the City of Des Peres are not "police" within the meaning of § 105.510 merely because they perform some police functions. The determinative question is whether or not there was substantial evidence on the whole record to support the finding that the Public Safety Officers are police officers.

The parties stipulated that all Public Safety Officers are licensed by the State of Missouri as police officers and emergency medical technicians.

Every officer works a twenty-four hour shift including eight hours on police patrol. During his remaining sixteen hours, he is on stand-by with no specific duties. While assigned to a particular piece of fire or medical equipment, he remains at all times under the command of his patrol lieutenant rather then the fire lieutenant, unless an actual medical or fire emergency arises. During this stand-by period, he may be required to perform duties as a fire fighter or emergency medical technician, but he may be asked to perform police duties in addition to his previous eight hours as a patrolman. When at a fire, he may exercise police powers.

At all times, an officer carries his "ID", which has a picture of his badge. The badge, which is carried at all times, identifies the officer as "police" or "police patrolman." He is required to carry his firearms within the city limits at all times. All officers participate in law enforcement administrative programs and the police olympics.

The foregoing evidence is substantial evidence on the record as a whole to support the finding that the Public Safety Officers of Des Peres, Missouri are police officers. As such, they are expressly excluded from the jurisdiction of the board by virtue of § 105.510, RSMo. 1978.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.