Janis SMITH, Appellant,

v.

NORMANDY SCHOOL
DISTRICT, Respondent.

No. 51597.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1987.

Notice of Appeal with the Board. Section 168.120.1 RSMo 1978. The Board promptly certified the record of its proceedings and filed the same in the circuit court for its review according to the provisions of Chapter 536 RSMo according to Section 168.-120.2 RSMo 1978. The scope of review before the circuit court is defined in Section 536.140.1 RSMo 1978. We review the decision of the Board under Rule 73.01 as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellant teacher claims: (1) the Board failed to comply with the provisions of Section 168.116(2) RSMo 1978 which requires the Board to begin the termination proceeding by a "warning in writing, stating specifically the causes which, if not removed, may result in charges"; (2) the Board waived prior warnings by subsequently offering a continuing contract for the next school year; and, (3) the termination was arbitrary, capricious and unreasonable.

We discussed the chronological sequence of the requirements of Section 168.116 RSMo 1978 for termination of a tenured teacher in *Iven v. Hazelwood School District*, 710 S.W.2d 462, 464 (Mo.App.1986). We review the claims of error in the same sequence.

Appellant teacher claims that the Board erred in its conclusion of law that letters from the Superintendent of schools addressed to Smith on April 22, 1983 and September 17, 1984 satisfied the statutory requirements for a "warning in writing." The April 22, 1983 letter contains the following:

This letter is being sent to you pursuant to Section 168.116–2 RSMo. 1978. The purpose of the letter is to inform you that I consider you to be incompetent, inefficient and insubordinate in the line of duty and to be in willful and persistent violation of or failure to obey the published regulations of the Normandy School District. I consider the following to be the areas in which your work is unsatisfactory.

[The letter notes five specific areas which include failure to file certain forms; refusal to permit class to partic-

Daniel J. Gralike, Paskal, Cohen & Benson, Clayton, for appellant.

Darold E. Crotzer, Jr., Steinberg & Crotzer, Clayton, for respondent.

KAROHL, Judge.

Janis Smith appeals a judgment of the circuit court affirming the decision of the Board of Education of the Normandy School District (Board) to terminate her indefinite contract as a permanent teacher as that status is defined in Section 168.-104(4) RSMo 1978. She was a teacher in the district for sixteen years. The Teacher Tenure Act provides substantive and procedural safeguards with respect to tenured teachers. The purpose of the Act is to establish strictly defined grounds and procedures for removing a permanent teacher which may not be evaded or other procedures substituted therefor. *Iven v. Hazelwood School District*, 710 S.W.2d 462, 464 (Mo.App.1986).

On June 26, 1985 the Board entered findings of fact, conclusions of law and ordered the indefinite contract of Janis Smith be terminated for cause. Within fifteen days of receipt of the order Smith filed a timely

ipate in physical education classes as a means of discipline; failure to treat associates with proper respect; failure to turn in lesson plans and grade books as required; and, late in reporting for work.]

You are further notified that I would like you to schedule a conference with Mr. Greer, your principal, at your earliest convenience and begin efforts to resolve these difficulties. Please inform Mr. Greer of a date at which time you will be available for such a conference.

In addition to the items enumerated above, I believe grounds may exist for your termination for reasons other than incompetency, inefficiency, insubordination and failure to obey School Board regulations. This letter is intended to give the formal warning notice required by the laws of the State of Missouri in cases of incompetency, inefficiency, insubordination or failure to follow School Board regulations, and should not be construed by you to be a waiver of any other basis upon which your contract may be terminated by the Board.

▇ We need not decide whether this letter is an insufficient basis to satisfy the statutory requirement of a "warning in writing" as a first step leading to termination by the Board. There was no evidence that subsequent to this letter the superintendent or Mr. Greer ever met and conferred with appellant teacher in an effort to resolve the matters mentioned in the letter. Incompetency and inefficiency were never charged or found as grounds for termination. The general charge of "failure to obey the published regulations of the Normandy School District" was not the basis of a subsequent meeting or charge. The Board, therefore, could not treat the letter of April 22, 1983 as a statutory warning as required by Section 168.-116.2. Nothing in this letter was incorporated in the letter of September 17, 1984. We need not rule on appellant's claim of insufficiency because of remoteness since the letter did not comply with statutory requirements.

The letter of September 17, 1984 was written by the same Superintendent of Schools. It contains the following statements:

This letter is being sent to you pursuant to Section 168.116–2 RSMo. 1978. The purpose of the letter is to inform you that I consider you to be insubordinate in the line of duty. You have demonstrated insubordinate behavior and demeanor in the 1984–85 school year. Examples of such insubordination are as follows:

1. On or about September 13, 1984 the following incident of direct insubordination to your principal, Jerome Greer, occurred at about 8:30 a.m., following the bell signals for students:

a. Mr. Greer directed your students to go to your classroom from the playground since he was aware you were involved in a grade level staff meeting.

b. Your children proceeded toward your classroom pursuant to Mr. Greer's instructions.

c. Shortly thereafter, Mr. Greer observed your children returning to the playground and went to the hallway near your classroom.

d. You were in the hallway near your classroom at approximately 8:35 a.m. and the following conversation took place:

Greer: "Mrs. Smith, is there a problem?"

Smith: "There is no problem."

Greer: "But Mrs. Smith, I sent your students in."

Smith: "But I'm sending them back out."

Greer: "Mrs. Smith, we will need to talk about this."

During this entire conversation with Mr. Greer, you continued to send the students back out to the playground. All of the activities and conversations described in this paragraph took place in the presence of and within the hearing of your sixth grade students.

2. On or about March 17, 1983 you were sent a letter by your principal, Jerome Greer, advising you that "no recordings of any other none [sic] N.O.

R.S.E. activities are to take place during the period of the day that has been set aside for N.O.R.S.E." (Copy of letter attached hereto).

In a conference between yourself and Mr. Greer which took place on May 9, 1983, you confirmed these instructions and stated that you "would discontinue the use of any recording during N.O.R.S.E." In spite of Mr. Greer's express instructions and directions the following conduct has occurred:

a. On the days of September 6, 7, 10, 1984 and other days in September 1984, you played records and recordings to your class during the N.O.R.S.E. period.

b. Your playing of the records and recordings was loud and was disturbing and disrupting to the classes of other teachers and students.

The above conduct is serious and detrimental to the efficient and productive operation of the Normandy School District.

I am directing you to follow all directions and instructions both verbal and written from school administrators including but not limited to your principal and assistant principal in the conduct of school business.

If satisfactory improvement is not made in your performance, a recommendation will be submitted to the Board of Education to terminate your employment with the Normandy School District.

You are further notified that I would like to schedule a conference with you, Mr. Basil Hunt, Director of Elementary Education and Mr. Greer, your principal, and begin efforts to resolve these difficulties. That conference will take place at Garfield School on Wednesday, September 26, 1984 at 8:35 a.m.

This letter is intended to give the formal warning notice required by the laws of the State of Missouri in cases of insubordination and should not be construed by you to be a waiver of any other basis upon which your contract may be terminated by the Board.

■ In this letter the Superintendent attempted to issue a warning relating only to a question of insubordination. He appointed Basil Hunt and Mr. Greer as his representatives. He also scheduled a conference to "begin efforts to resolve these difficulties." This letter appears to comply with the statutory requirements for a warning.

■ On the appointed day, September 26, 1984, appellant teacher and her attorney met with Mr. Hunt and Mr. Greer. In the form of an exhibit the Board received and considered a report of Greer summarizing the meeting. That exhibit includes the following:

Mr. Hunt opened the conference by stating that "The purpose of the meeting is to resolve the problem. Mrs. Smith, we are not asking you to apologize to Mr. Greer we are not asking you to like Mr. Greer, *we are saying to you that you must follow all written and oral instructions given to you by your principal and assistant principal.*" (our emphasis)

Reference was made to the September 17, 1984 letter addressed to Mrs. Smith and she responded to the first example mentioned in the letter of September 17, 1984. There was no evidence before the Board, by exhibit or testimony, that the September 26, 1984 meeting involved any other discussion or any proposal or plan to resolve the matter mentioned in the warning letter of September 17, 1984. Under the circumstances, including the presence of counsel, the meeting satisfied the requirements of Section 168.116.2

The letter of September 17, 1984 refers to "demonstrated insubordinate behavior and demeanor." Insubordination is a statutory cause for termination. Section 168.-114.1(3) RSMo 1978. The first example noted does not specifically state an act of insubordination. At most it describes a direction of the principal to the teacher's class and a subsequent contrary instruction by the teacher. The second example indicates a direction by the principal addressed to the teacher which on three occasions the

teacher violated in regard to a silent reading period. This example of failure to follow instructions is the only specific reference of insubordination contained in the letter. The statute requires specific causes.

On May 10, 1985, eight months after the meeting, the Board filed a "notice of charges" against appellant teacher. Section 168.116.3 RSMo 1978. The Board charged insubordination generally and set forth in separate subparagraphs eleven specifications. For purposes of this opinion it is sufficient to summarize the eleven specifications. The Board charged appellant teacher with the following:

1. Playing a recording during a silent reading period on February 5, 1985 contrary to prior written and verbal instructions and the September 17, 1984 warning letter.

2. She caused or permitted a sign to be displayed in her classroom which said in part "down with Mr. Greer."

3. On January 30, 1985 she caused or allowed students to chant "down with Greer, up with Smith."

4. During a teacher staff meeting of February 19, 1985 she challenged Mr. Greer in a rude and abusive manner.

5. On December 14, 1984 on the playground she made disparaging comments about Mr. Greer's race.

6. On November 19, 1984 she confronted Mr. Greer in his office about a feminine hygiene matter.

7. On December 12, 1984 she challenged Mr. Greer on his admonition that she make an effort to supervise her children.

8. On twelve different specified occasions she violated specific directives by leaving her classroom unattended.

9. On February 27, 1985 she administered corporal punishment to a student in opposition to a written directive forbidding such conduct.

10. Between February 27, 1985 and April 25, 1985 she kept a paddle in her classroom in direct violation of instructions from the principal.

11. On frequent occasions she addressed Mr. Greer in a rude and unseemly manner in the presence of other members of the school faculty.

The Board found as a fact that appellant teacher was guilty of specifications 1, 2, 4, 5, 6, 8, 9 and 10. The Board apparently made no findings on numbers 7 and 11. It found insufficient evidence to support number 3. The circuit court adopted the findings of fact and conclusions of law of the Board in affirming the order of the Board.

The statutory procedure set forth in Section 168.116 RSMo 1978 is sequential. There must be a warning describing specific causes, designation of a representative to meet and confer in an effort to resolve the matters and a meeting between the teacher and the representative. In order that the required warning and meeting have their recognized purpose charges must relate to the scope of warning and subsequent meeting. Otherwise, the intent of the legislature to provide substantive and procedural safeguards would not be honored.

The warning letter in the present case and the subsequent meeting related only to insubordination for failure to follow written and oral instructions given by appellant teacher's principal and assistant principal. The Superintendent and Mr. Hunt as his representatives chose to limit the specified cause of insubordination to matters of following all written and oral instructions of the principal and the assistant principal.

During the hearing before the Board, counsel for appellant teacher made numerous objections to consideration of any charges not within the scope of the warning letter and the meeting. Even without objection the statute and the purpose of the statute limit the Board to only those charges which are supported by a prior warning and a meeting held for the purpose of cure. In our review of the charges before the Board and its findings, we note that a number of the specifications are unrelated to any written or oral instruction of the principal or assistant principal. Of the specifications found supported, number 2 (sign), 4 (rude comments at staff meeting), 5 (derogatory comment about principal), and 6 (feminine hygiene comment to

principal) are unrelated to disobedience of written or oral instructions. Only charges 1 (playing music during reading period), 8 (absences from classroom), 9 (administration of corporal punishment), and 10 (keeping a paddle in classroom) comply with the general cause of insubordination as limited by the subject matter of the meeting following the warning letter.

■■■ We find that the Board erred in concluding as a matter of law that the specifications found were all supported by the warning letter. The Board relied on *Rafael v. Meramec Valley R–III Board of Education,* 569 S.W.2d 309, 315 (Mo.App. 1978). It was there held that the warning letter relating to insubordination was adequate although subsequent acts of insubordination were not identical to the acts set forth in the warning letter. The court in *Rafael* did not consider whether the subsequent meeting limited the scope of charges. However, *Rafael* stands for the proposition that within the context of the warning letter subsequent acts of insubordination were properly charged, considered and found supported by the evidence. The only charges which survive under the statute because of the cause given in the warning letter and discussed in the meeting in the present case are the four specifications of disobedience of written or oral instructions. [1, 8, 9 and 10]. There was competent and substantial evidence to support the findings on these four charges. *Eddington v. St. Francois County R–III Board of Education,* 564 S.W.2d 283, 294 (Mo.App.1978). The Board is not required to find each and every charge to support an order of termination. Proof on one charge which constitutes insubordination may be sufficient to support termination. *Rose v. State Board of Registration for Healing Arts,* 397 S.W.2d 570, 577 (Mo.1965).

Appellant teacher first claims that respondent Board failed to comply with the requirements of warning according to Section 168.116(2) RSMo 1978. For those reasons previously discussed we agree that the Board erred in relying on the letter of April 22, 1983. We reject appellant teacher's argument that the letter of September 17, 1984 was inadequate. It stated specifically that Mrs. Smith was insubordinate in

the line of duty and gave as an example a direct violation of instructions from her principal not to play music during silent reading period. This was followed by a meeting at which a request was made that she follow written and oral instructions of the principal and assistant principal. The four charges relating to violation of direct instructions fall within the scope of the warning. In the warning letter the Superintendent expressly directed appellant teacher to follow all directions and instructions, verbal and written, from school administrators. We find the letter adequate to inform appellant of her deficient area. *Merideth v. Board of Education of Rockwood R–6 School District,* 513 S.W.2d 740, 750 (Mo.App.1984). As described it complied with the requirements of Section 168.-116.2 RSMo 1978. *Rafael v. Meramec Valley R–III Board of Education,* 569 S.W.2d 309, 313 (Mo.App.1978). This discussion is directed only toward those four specifications of insubordination which relate to violating written and oral instructions of superiors. Point denied.

Appellant teacher also contends that after the September 1984 warning letter and before the hearing and termination the Board waived the subject matter of the warning letter. In support of this position she contends that on April 12, 1985 the President of the Board of Education sent a letter to all teachers in the district, including appellant teacher, to inform them that "[i]n accordance with state statute, you are under continuing contract for the 1985–86 school year predicated on your 1984–85 salary. Formal contracts will be issued when the salary schedule is finally determined." Appellant teacher signed and returned a copy of the letter indicating that she intended to remain at the Normandy School District. Appellant teacher without citing any authority in support of the theory of waiver argues that the letter is a waiver, as a matter of law.

■■■ This claim was never presented to the school district and the Board made no findings of fact or law relating to this claim. It was first presented to the circuit court. There are no provisions in the Teacher Tenure Act expressly providing for waiver. The renewal letter was sent to

all teachers in the district. There is no indication that the question of waiver was considered. We find the issue is not properly before this court and will not set aside an administrative action unless an agency has been given a prior opportunity, on timely request by the complainant, to consider the point. *Mills v. Federal Soldiers Home,* 549 S.W.2d 862, 868 (Mo. banc 1977). The issue has not been preserved. *See, Brown v. Weir,* 675 S.W.2d 135, 139 (Mo.App.1984).

For a final claim of error appellant teacher contends that there was no competent and substantial evidence to support the decision of the Board. We find on the four specifications relating to the failure to follow written and oral instructions there was sufficient evidence. "We may only determine whether the Board reasonably could have made its finding and reached the decision it did.... Also we are to consider the evidence in a light most favorable to the Board's decision, together with all reasonable inferences which support it." *Rafael v. Meramec Valley R–III Board of Education,* 569 S.W.2d 309, 314–15 (Mo. App.1978). We have reviewed the record and find the four specifications of insubordination supported by substantial and competent evidence.

We have considered and reject respondent Board's motion for damages for frivolous appeal under Rule 84.19. The judgment of the circuit court affirming the decision of the Board is affirmed. However, some of the findings and conclusions reached by the Board were based upon charges not properly before the Board under Section 168.116. Some of the claims of error relating to these matters are valid as matters of law. Under these circumstances we find the appeal was not frivolous within the meaning of Rule 84.19.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.