**In the Interest of S.D.W., F.W., M.L.W., A.S.W., and D.N.W., Minors.**

**J.W., Appellant,**

v.

**MISSOURI DIVISION OF FAMILY SERVICES, Respondent.**

No. 49853, 49852.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 24, 1985.

Bert L. Gates, St. Louis, for appellant.

John T. McCaffrey, St. Louis, for respondent.

DOWD, Presiding Judge.

The Juvenile Officer of the City of St. Louis filed a petition seeking to terminate J.W.'s (hereinafter mother) parental rights to her five children: S.D.W., age 5; F.W., age 6; M.L.W., age 4; A.D.W., age 2; and D.N.W., age 1. Following a hearing on the petition, the trial court entered its order terminating the mother's parental rights in and over her five children pursuant to § 211.477 RSMo 1978.

On appeal the mother challenges the trial court Order terminating her parental rights over her children because: (1) there was insufficient evidence to find that the termination was in the best interest of the children; and (2) the decree terminating her rights over the four siblings of S.D.W. was against the weight of the evidence. For the following reasons, we affirm.

On July 18, 1983, S.D.W. was brought to the pediatric emergency room at City Hos-

pital by his father. Dr. Riouix examined S.D.W. and found multiple scars, bruises, and abrasions of various types and age covering most of S.D.W.'s body. S.D.W. was admitted to the hospital at this time. The siblings of S.D.W.: F.W., M.L.W., A.S.W., and D.N.W., were examined and were found to be normal without evidence of trauma, injury, or illness. Shortly thereafter, Officer Washington went to the residence of the mother to remove the siblings of S.D.W. and to question the mother about S.D.W.'s injuries. Mother stated that S.D.W. had a behavior problem and that she used belts and ironing cords to discipline him.

In October 1983, the mother was examined by a staff psychologist of the Juvenile Court. The psychologist testified that, in her opinion, mother suffered from organic brain damages, extreme immaturity, and disorganized thought processes. She characterized the mother as being depressed, emotionally distressed, suicidal, and having limited psychological resources.

The Deputy Juvenile Officer testified that the mother admitted whipping S.D.W. He stated that the Chief Juvenile Officer had recommended that termination of parental rights of both parents may be in the best interest of the children. The basis of this recommendation was a psychologist's report which stated that counseling may or may not be beneficial to the mother and that the father was or seemed to be aware that the abuse was occurring. The Deputy Juvenile Officer's personal recommendation was that termination was not appropriate and that long term foster care with possible relative placements was preferable.

A social worker for the Division of Family Services testified that there was no potential adoptive placements for the children. Additionally, she stated that termination would not be in the best interest of the children because it would be impractical to terminate mother's rights while the mother still had a relationship with father. In her opinion, the children should be placed with and remain with relatives until

such time as they can care for themselves because the father would not be able to pull the family together.

Dr. Britton, a pediatrician, testified that S.D.W. had suffered many injuries which included numerous well-healed scars over his face, trunk, and all four extremities. S.D.W. also had several fresh scars. She also stated that several of the injuries to S.D.W. were serious: the rib fracture, the clavical fracture, and the impingement on his retropharyngeal space. These injuries, according to Dr. Britton, were potentially life threatening and that in her opinion S.D.W. could have died. Dr. Britton testified that in her opinion, S.D.W. was suffering from child abuse.

Dr. Barton, a radiologist, testified that radiographs revealed S.D.W. had fractured his seventh rib and his right clavical. She testified that the amount of force required to fracture the seventh rib was quite severe. She also testified that a radiograph of S.D.W.'s neck revealed a traumatized area possibly caused by a traveling wood, metal, or hard object into the throat. Additionally, the Doctor found various callous formations around S.D.W.'s tibia and humerous, and a tiny evulsion fracture of the ulna. Dr. Britton further testified that the fracture to the seventh rib could have been life threatening.

Dr. Arekapudi examined S.D.W. on August 1, 1984, and found several loop-shaped marks on both of his legs and back. She testified that without specific findings, the loop-shaped marks were the result of child abuse.

■ On review, we must defer to the trial court's findings and conclusions where there is substantial evidence to support those findings. We will reject the trial court's findings only if we find that the findings are against the weight of the evidence, or if the trial court has erroneously declared or applied the law. *In the interest of H.J.P.*, 669 S.W.2d 264, 271 (Mo.App. 1984); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 211.447.2 enables a Juvenile Court, upon a petition filed by a juvenile officer under this section, to terminate the rights of a parent to a child if it finds that such termination is in the best interests of the child and that one or more enumerated conditions exist:

(d) The parent has repeatedly or continously abused the child by causing physical injury or mental injury to the child, or knowingly permitted such abuse by another;

(e) The parent has committed or knowingly permitted a single incident of life threatening or gravely disabling injury or disfigurement of the child or serious injury or death of a sibling due to parental abuse or willful and wanton neglect;

§ 211.447.2(2) RSMo 1978

■ Permanent severance of parental rights requires that the authority seeking termination must prove its case by clear, cogent and convincing evidence. To meet this burden of proof, substantial evidence, that is evidence which, if true, has probative force upon the issues, must be adduced to make a submissible case. The trier of fact decides whether the evidence is credible and whether the moving party has met its burden. Clear, cogent, and convincing evidence will clearly convince the fact finder of the truth of the proposition to be proved. *In Re Interest of J.A.J.*, 652 S.W.2d 745, 748 (Mo.App.1983).

In the case before us, mother challenges the trial court's order terminating her parental rights in and over her five children because there was insufficient evidence presented to the trial judge to support a finding that termination was in the best interests of the children. In support of this point mother argues that there was no direct evidence presented that termination of parental rights was in the children's best interest. Mother also argues that the only witnesses who testified about the care, needs, and relationship of the children, were the deputy juvenile officer and the social service worker, who both testified

that termination of parental rights was not in the children's best interest.

■ The court's determination that termination of parental rights is in the best interest of a child cannot be a wholly separate consideration from the determination that one or more grounds for termination exists and thus any evidence relevant to the particular grounds for termination must necessarily be relevant, albeit indirectly, to the issue of best interest. *In the Interest of H.J.P.*, 669 S.W.2d at 271.

■ Our review of the record reveals that grounds for termination of parental rights exist in the case before us. There is clear, cogent, and convincing evidence that S.D.W. had been seriously abused by his mother and at times had received life-threatening injuries. The court considered this abuse in addition to the psychological findings and the recommendations of the Chief Juvenile Officer and weighed these findings against the opinions of the Deputy Juvenile Officer and of the Social Worker. There was sufficient evidence presented to the court to find that termination of the mother's parental rights over her five children was in the best interests of the children. Mother's first point on appeal is denied.

Secondly, mother challenges the trial court's order terminating her parental rights in and over the siblings of S.D.W. because the order was against the weight of the evidence presented to the court.

■ Section 211.447.2(2)(e), set forth previously, enables the court to terminate parental rights where there is serious injury to a sibling due to parental abuse. We find that there was clear, cogent, and convincing evidence presented to the trial judge that S.D.W. had received serious life threatening injuries. We find that the order terminating Mother's parental rights over the siblings of S.D.W. was not against the weight of the evidence. Mother's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.