Norman ADKINS, Plaintiff–Appellant,

v.

**HAZELWOOD SCHOOL DISTRICT,**
**Defendant–Respondent.**

No. 52924.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 22, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 4, 1988.

Schuchat, Cook & Werner, Christopher T. Hexter, Norman Adkins, St. Louis, for plaintiff-appellant.

Robert P. Baine, Jr., Clayton, Peper, Martin, Jensen, Michael & Hetlage, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Norman Adkins appeals a judgment of the circuit court affirming the decision of the Board of Education of the Hazelwood School District (Board) to terminate his indefinite contract of employment as a permanent teacher as defined in Section 168.-104(4) RSMo Cum. Supp. 1984.

We adopt the findings of fact made by the circuit court to wit: Norman Adkins was employed as a teacher in the Hazelwood School District for sixteen years. From 1979 through 1984 Adkins taught at Walker Elementary School. As a result of staff reductions he was transferred to the Charbonier School for the 1984–85 school year where he taught the fifth grade. The following school year he taught the sixth grade at the same school. During the 1985–86 school year, Junette Gist, principal at the Charbonier School made ten formal observations of Adkins' classroom. On February 25, 1986 Gist prepared a final evaluation based on her formal and informal observations of Adkins' classroom performance. All such evaluations were written in accordance with Hazelwood Board Policy 533.6 which provided for both the evaluation method and the form of the evaluation document. In that evaluation Gist recommended to the superintendent of the District, Dr. Thomas Lawson, that Adkins' contract be terminated on the grounds of incompetency and inefficiency.

On March 14, 1986, Dr. Lawson, after receiving Adkins' evaluations, sent Adkins a letter with numerous references to a nineteen page attachment. That document purported to serve as written warning of the causes which, if not removed, could result in charges including Adkins' insubordination in the line of duty. Shortly thereafter, Dr. Charles Woods, principal of Coldwater School and designated representative of Superintendent Lawson, met with Adkins and reviewed the evaluation document establishing the areas to be observed and offered suggestions for improvement. Following each of five classroom observations Woods conferred with Adkins regarding potential problems and offered suggestions. At the end of the meet and confer period, which lasted from March 18, 1986 to April 29, 1986, Woods informed Lawson that Adkins had not cured the deficiencies noted in the Gist evaluation of February 25, 1986.

On May 12, 1986, based on the information received by Woods, Lawson sent Adkins written notice of the charges of incompetency, inefficiency and insubordination in the line of duty. In that letter he informed Adkins that the charges would be submitted to the Board along with his recommendation that Adkins be discharged.

Adkins requested and received a hearing before the Board which commenced on June 10, 1986. Based on the evidence the Board found Adkins to be incompetent, inefficient and insubordinate in the line of duty and terminated his contract. Adkins appealed to the Circuit Court of St. Louis County pursuant to Section 168.120.1. On March 12, 1987, the Circuit Court per Arthur Litz, J., issued Findings of Fact and Conclusions of Law and affirmed the decision of the Board. Adkins appealed the decision to this court pursuant to Section 168.120.3 RSMo 1986 and contends that the Board failed to comply with the procedural mandates of Section 168.116.

We view the question of whether the Board complied with Section 168.116 as a question of law and accordingly, our review of the issue is guided by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Section 168.102 through 168.130 are collectively referred to as the Teacher Tenure Act. The purpose of the act is to provide substantive and procedural safeguards with respect to the removal of tenured teachers. *Lindbergh School District v. Syrewicz*, 516 S.W.2d 507, 512 (Mo.App. 1974). The statute at issue, Section 168.-116, has been the subject of a significant

amount of litigation and as a result the requirements of that statute are well established.

The procedure for the removal of a tenured teacher on the grounds of inefficiency, incompetence or insubordination in the line of duty is a three step process. This process was aptly outlined by this court in *Iven v. Hazelwood School District*, 710 S.W.2d 462, 464 (Mo.App.1986):

> The first step is a written warning stating specifically causes which, if not removed, may result in charges. The second step is a requirement that the superintendent, or a designated representative, "meet and confer with the teacher in an effort to resolve the matter." If necessary, the third step is the service of written charges specifying with particularity the grounds alleged to exist for termination together with a notice of a hearing on the charges.

On appeal Adkins contends that Section 168.116 was violated in two ways. First, the warning letter of March 14, 1986, was violative of Section 168.116.2 in that it failed to state with specificity the causes which "if not removed may result in charges." Second, the written notice of charges, dated May 12, 1986, was violative of Section 168.116.1 in that it failed to specify with particularity the grounds upon which the Board sought to terminate Adkins' contract.

First we turn our attention to the warning letter. On March 14, 1986,[1] Adkins received the following letter:

Dear Mr. Adkins:

The evaluation by your principal, Mrs. Junette Gist, dated February 25, 1986, has been referred to me by Mrs. Gist and Dr. Spencer Hedrick, Assistant Superintendent for Elementary Education, for the purpose of having your effectiveness as a teacher in the Hazelwood School District evaluated under the provisions of RSMo 168.

After reviewing your evaluation, I have concluded that there is a question about your ability to structure a satisfactory learning environment for your classes. The area of deficiencies and recommendations are set forth in the evaluation signed on February 25, 1986 and I am attaching a copy of these 1985–86 evaluations and recommendations in their entirety.

I have also reviewed with concern that area of your evaluation styled "Work Habits." The problems outlined by Mrs. Gist indicate that a teacher with your years of service with the Hazelwood School District has refused to comply with Mrs. Gist's direct request and that is, in plain words, insubordination, and will not be tolerated in the District. Since Mrs. Gist has listed this as an area of "Needs Improvement," I will expect that it will not be continued.

Therefore, in accordance with Board policies and RSMo 168.116, I have designated Mr. Charles Woods, principal, Cold Water School, to hold a conference with you and schedule classroom observations and follow-up conferences concerning the deficiencies outlined in the attached copy, which, if not removed, may be cause for your termination as a teacher in the Hazelwood School District to be recommended to the Board of Education. Your evaluation also contains specific recommendations for improvement which, if adopted by you in your teaching, will satisfy the deficiencies noted. The attached copy, in its entirety, will serve to inform you as to the deficiencies which will be evaluated by Mr. Woods. Following the conference with Mr. Woods, you will be expected to show sufficient improvement to eliminate the causes from consideration as a charge against your competency as a teacher.

Sincerely,
(Signed)

---

1. The letter dated March 14, 1986, replaced a letter received by Adkins dated March 12, 1986, which contained two typographical errors. The letters are identical except for the correction of the errors. To avoid confusion, the warning letter will be deemed to be dated March 14, 1986.

Thomas J. Lawson
Superintendent

Attached to this letter was a document entitled "Hazelwood District Professional Staff Evaluation Form" which was the evaluation completed by Gist on February 25, 1986. This evaluation form lists four performances traits and evaluates each trait as "satisfactory," "needs improvement" or "unsatisfactory." Adkins was found "unsatisfactory" in the area of Quality of Performance; "needs improvement" in the areas of Professional Knowledge and Work Habits; and "satisfactory" in the area of General Responsibility. The Professional Staff Evaluation Form refers the reader to an attached sheet. The sheet consists of a three page list of specific deficiencies and suggestions for improvement. The specific deficiencies are illustrated by reference to specific instances of conduct observed during the course of ten evaluation visits made by Gist. These specific instances of conduct are supported by reference to the corresponding Individual Visit Evaluation Form for the date on which the conduct occurred. There are ten such evaluation forms attached to the letter. Further, reference is made to certain memoranda sent to Adkins. Six such memos are attached to the letter.

With respect to the letter of March 14, 1986, the circuit court found that the warning notice, consisting of Lawson's letter plus the attached evaluation and documents, was in compliance with Section 168.116.2.

Section 168.116.2 in pertinent part provides as follows:

At least thirty days before service of notice of charges of incompetency, inefficiency, or insubordination in line of duty, the teacher shall be given by the school board or the superintendent of schools warning in writing, stating specifically the causes which, if not removed, may result in charges. Thereafter, both the superintendent, or his designated representative, and the teacher shall meet and confer in an effort to resolve the matter.

The purpose of Section 168.116.2 is to give the teacher an opportunity to know exactly what the complaints against him are and to afford him an opportunity to cure the situation before charges are brought. *Blue Springs Reorganized School District IV v. Landuyt,* 499 S.W.2d 33, 36 (Mo.App.1973). To provide the teacher with such notice the warning must state specifically the causes which if not removed may result in termination. *Id.*

Instructive on this issue is *Dameron v. Bd. of Educ. of the Lebanon School Dist.,* 549 S.W.2d 671 (Mo.App.1977). In that case the school board had initiated proceedings under Section 168.116 to terminate the indefinite contact of Dameron, a permanent teacher, on the ground of inefficiency. The Board's effort to comply with the warning required by Section 168.116.2 consisted of a letter sent to Dameron by the superintendent dated February 9, 1973. In that letter the specific causes of Dameron's unsatisfactory work were listed simply as (1) lack of effective planning and organization (2) lack of effective use of materials (3) unsatisfactory skill in stimulating learning (4) unsatisfactory classroom atmosphere and rapport with pupils and (5) unsatisfactory classroom control. Following the receipt of this letter by Dameron, a meet and confer period ensued during which the charges against Dameron were not explained to him in any further detail. Following this meet and confer period Dameron was sent a list of written charges dated March 9, 1973 which simply restated the five causes set forth in the February letter. A hearing before the Board was set for April 12, 1973. In accordance with a school board policy on April 11, 1973, Dameron's wife received service of a six page document that listed the five "specific causes" of Dameron's unsatisfactory work that were set forth in the letter of Feb. 9, 1973. Under each of the five causes, appeared specific incidents based on classroom observations of Dameron made by a supervisor over a period of several months. Each incident contained the date of the observation, the name of the supervisor and what

had been observed. Approximately fifteen minutes before the hearing on April 12, 1973 Dameron and his attorney received a copy of the six page document although they conceded that Mrs. Dameron had received the document on April 11, 1973. Dameron was ultimately discharged and on appeal challenged the sufficiency of the warning letter.

The court found that the letter of February 9, 1973 did not satisfy the warning requirement of Section 168.116. Rather the first time Dameron received specific information regarding the nature of the complaints against him was on April 12, 1973 when he was given a copy of the six page document. That document, rather than the letter of February 9, 1973, was found to have met the specific requirement of Section 168.116.2.

In *Iven v. Hazelwood,* 710 S.W.2d 462 (Mo.App.1986) a warning letter sent to Iven, a permanent teacher, was found to provide the specificity required by Section 168.116.2. The teacher had received a copy of a written evaluation completed on January 16, 1984. That evaluation reflected unsatisfactory performance in quality of performance and general responsibility categories and his work habits were noted to be in need of improvement. The evaluation identified seventeen areas which required attention. On February 2, 1984 the teacher received a warning letter which outlined causes which were described as deficiencies related to competency in quality of performance and general responsibility which, if not removed would result in charges being brought. Nine deficiencies recognized in the teacher evaluation policy and procedure guidelines were described. The court found that the letter containing the general causes of incompetency, the specific causes and a reference to the formal evaluation of January 16, 1984 afforded the teacher the necessary statutory warning.

█ Based on the foregoing authority we find that the letter received by Adkins dated March 14, 1986, along with the attached evaluations and documents satisfied the requirements of Section 168.116.2. Like the plaintiff in *Dameron,* Adkins received a copy of documented specific instances of conduct giving rise to the causes that may result in charges being brought against him. That document was found in *Dameron* to satisfy the requirements of Section 168.116. Unlike the plaintiff in *Dameron,* Adkins received the document along with the warning letter of March 14, not the day of the hearing. Like the plaintiff in *Iven,* the letter Adkins received made reference to a formal evaluation given to the teacher one month prior to his receipt of the warning letter. A similar letter plus reference to a prior evaluation was found in *Iven* to satisfy the requirements of 168.116. Unlike the situation in *Iven,* however, Adkins received that evaluation at the same time he received the warning letter.

The packet of information Adkins received on March 14, 1986, served to adequately inform him of the complaints against him and afforded him the chance to cure the situation. The letter plus reference to the attached evaluations and memoranda do not rise to the level of non informative allegation prohibited by law. *Blue Springs,* 499 S.W.2d at 36. Adkins first point is denied.

The second issue raised by Adkins concerns the sufficiency of the May 12, 1986 notice of charges served on Adkins. That letter was written in purported compliance with Section 168.116.1 which states:

The indefinite contract of a permanent teacher may not be terminated by the board of education until after service upon the teacher of written charges specifying with particularity the grounds alleged to exist for termination of such contract, notice of a hearing on charges and a hearing by the board of education on charges if requested by the teacher.

Adkins contends that the written notice failed to specify with particularity the grounds upon which the school district sought to terminate his contract. The letter of May 12, 1986, reads in pertinent part as follows:

The deficiencies of February 25, 1986, and the charge of insubordination contained in my letter of March 12, 1986, will be submitted to the Board of Education as charges with the recommendation that you be discharged as a teacher in accordance with RSMo 168.116(2) for incompetency, inefficiency, and insubordination in the line of duty. The particular areas and the underlying grounds for those charges, are set forth in your evaluation of February 25, 1986. We are attaching a copy of that evaluation to this letter.

The circuit court found the letter along with the attached evaluation to be in compliance with Section 168.116.1 in that the charges set forth were stated with specificity and were not new or different than those contained in the March 14, 1986 warning notice.

Appellant, in his argument, relies on *Iven* in which the Notice of Charges served on the plaintiff-teacher was found to be insufficient. He argues that the Notice of Charges and attachments served on Adkins closely replicated the documents served on the plaintiff in *Iven* and for that reason compels a reversal of the decision of the Board.

Close examination of the facts in *Iven*, however, lead us to a different conclusion. In *Iven* the teacher was served with a warning letter on February 2, 1984. That letter was found to satisfy the specificity requirement of Section 168.116.2. On November 21, 1984, the teacher was served with notice of charges. The notice referred to a letter of May 19, 1984 written by Superintendent Lawson to inform the teacher of his substandard performance. The letter stated that there was a "list of charges" in the letter of May 19, 1983 and February 2, 1984 which were attached. Further, the letter cited "competency lacking in quality of performance and competency lacking in general responsibility" as grounds alleged to exist for termination. This court found that letter to be insufficient under Section 168.116.1 for several reasons. First, and most important, the statement in the November 21 letter regarding the list of charges in the attached letter was a misstatement. In fact, neither of the letters listed or purported to list charges. Compounding the confusion was the reference to the letter of May 19, which was not the formal warning letter and was irrelevant. Further, the letter listed no causes other than those mentioned in the February 2, 1984 letter. In addition, the notice relied only on grounds of "competency lacking in quality of performance and general responsibility." These were the only charges that were made before the Board and fell short of specifying with particularity the grounds alleged to exist for termination.

In this case the letter dated May 12, 1986 that was received by Adkins informed him that the deficiencies outlined in the evaluation of February 25, 1986 had not been remedied. He was specifically informed that those deficiencies along with the charge of insubordination contained in the letter of March 14 would be *submitted as charges* to the Board. To remove any question as to the nature and specifics of the deficiencies to be submitted as charges a copy of the February 25 evaluation was attached. No reference was made to any irrelevant correspondence or superfluous material. The evaluation plus the statement in the letter that the deficiencies listed in the evaluation would be submitted as charges does not create the confusion presented by the notice in *Iven*.

In *Rainwater v. Board of Education of Greenville*, 645 S.W.2d 172 (Mo.App.1982) a teacher received a letter that charged her with incompetency and inefficiency in sixteen areas. Her attention was directed to a prior letter that set forth specific examples of those deficiencies. The court found the Notice of Charges to be specific enough to satisfy the statute.

Likewise, in *Hanlon v. Board of Education of the Parkway School District*, 695 S.W.2d 930 (Mo.App.1985) the Notice of Charges received by the teacher made ref-

erence to two prior evaluations which were attached to the letter. The court found the notice to be in compliance with Section 168.116.1 in that it did not contain non informative allegation of a vague and general nature and did not set forth charges that were new and different from those contained in the warning letter.

In the present case the document received by Adkins on May 12, 1986, plus the attached evaluation when taken as a whole allowed him to fully ascertain the charges being leveled against him. No reference was made to unavailable, irrelevant or extraneous sources. The same deficiencies that served as a basis for the March 14 warning letter were set forth as charges in the May 12 letter. None of these charges were new or different from the earlier deficiencies.

Mindful of the purpose to be served by Section 168.116 we find that the written warning given to Adkins by the Board complied with Section 168.116.2 and the notice of charges served on Adkins on May 12, 1986 complied with Section 168.116.1. We accordingly affirm the decision of the circuit court in upholding the Board's decision to terminate Adkins' indefinite contract.

STEPHAN, P.J., and DOWD, J., concur.